MINUTE ENTRY
ROBY, M. J.
July 13, 2011

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ELIZABETH JOHNSON, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 10-1146** |
| **SAMSUNG ELECTRONICS AMERICA, INC., ET AL.** | **SECTION: "K" (4)** |

### ORDER

Before the Court is a **Motion to Compel Discovery (R. Doc. 95)** filed by the Plaintiffs, Elizabeth Johnson, individually and o/b/o Devontre Young and Lashaun Johnson, individually and o/b/o Dayasia Benion seeking an Order from the Court compelling the Defendants to provide more complete responses to their outstanding discovery requests. The Defendants oppose the motion. (R. Doc. 113.) This motion was heard with oral argument on **Wednesday, July 13, 2011**.

**I.    Background**

This diversity action arises out of a fire that erupted in a mobile home on May 21, 2009. (R. Doc. 1, ¶ 5.) Elizabeth Johnson, LaShaun Johnson and their minor children, Devonte Johnson, Ladarius Johnson, Devontre Johnson, and Dayasia Benion were sleeping.[1] *Id.* As a result of the fire, Devonte Johnson and Ladarius Johnson were fatally injured. Devontre Johnson and Dayasia Benion were severely burned.

---

[1] Despite the similar spelling, Devonte Johnson and Devontre Johnson are two different individuals.

**MJSTAR:  00:10**

The Plaintiffs allege that the fire was caused by an air-conditioning unit located in the mobile home. The Plaintiffs contend that the fire was not the result of any fault on behalf of the Plaintiffs; instead it was caused from defects in the air conditioning unit. (R. Doc. 1, ¶ 7.) Specifically, the Plaintiffs contend that the air conditioning unit was defective and in an unreasonably dangerous condition by reason of defective design and/or manufacture. (R. Doc. 1, ¶ 8.)

The Plaintiffs further allege that prior to the date of the fire, the Defendants had knowledge of the potential for the air conditioner to catch fire but failed to take reasonable and appropriate steps to remove the product from commerce and failed to provide a warning to consumers and/or failed to take the appropriate steps to recall the dangerous appliance. (R. Doc, 1, ¶ 11, ¶ 10, 11.)

As to the instant motion, on October 13, 2010, the Plaintiffs served their discovery requests on the Defendants. The discovery requests were propounded prior to the positive identification of the air conditioning unit at issue. The air conditioner was identified shortly thereafter as a Model ASW06LKS1, a 6,000 BTU unit, which was branded as a General Electric product but was designed and manufactured by Samsung. The air conditioner was manufactured from December 2006 to early 2007 and sold in the 2007 cooling season. Some legacy units were sold in the 2008 cooling season. Walmart sold the product for about two (2) years.

The three Defendants were propounded with an identical interrogatory, Interrogatory 20, which sought each of the Defendants' contention as to the cause of the fire. All three Defendants provided identical objections. The Plaintiffs contend that this is a "basic" contention in which they are entitled to answer.

In addition, on April 13, 2011, the Plaintiffs conducted a Rule 30(b)(6) Corporate deposition of General Electric. Brice Bowley was designated as the Corporate Representative. During the course of his deposition, Bowley was directed by his counsel to refrain from responding to certain questions.

The Plaintiffs contend that Bowley was inappropriately instructed to refrain from responding and therefore should be compelled to provide responses to the various questions posed.

**II.     Standard of Review**

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando,* 441 U.S. 153, 176 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Furthermore, "it is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. American Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

Under Rule 26(b)(2)(c), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the information sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. Fed.R.Civ.P. 26(b)(2)(c). In assessing whether the burden of the discovery and outweighs the benefit, a court must account for: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. *Id*.

**III.    Analysis**

As a preliminary matter, the Court notes that during the hearing, the Plaintiff's withdrew their

request insofar as they sought to compel more complete responses from Bowley. Therefore, the Court will only address whether the Defendants should be compelled to respond to the Plaintiff's contention interrogatory request.

The Plaintiffs contest the Defendants' failure to respond to **Interrogatory 20** which states, "[s]tate your contention as to every cause of the fire in question, state the facts underlying your contention and explain the legal basis of your contention." (R. Docs. 95-2, p.12; 95-3, p. 13; 95-4, p. 13.) The Defendants replied:

> See General Objections. Without waiving General Objection: [the Defendants] object[] to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege and trial preparation materials. [The Defendants] also object[] to the extent this Request is overly broad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. [The Defendants] also object[] to this Interrogatory to the extent it requires [the Defendants] to marshal its evidence in advance of trial. [The Defendants'] discovery and investigation continue.

*Id.*

The Plaintiffs contend that they are entitled to know the Defendants' contention about the cause of the fire, whether known or unknown, and the object that caused the subject fire. They further contend that the trial date is nearing and the Defendants have "fail[ed] to identify anything about this basic contention." (R. Doc. 95-1, p. 3.) The Plaintiffs contend that they need a response to this interrogatory so that they can conduct basic discovery in this matter.

The Defendants, on the other hand, contend that the Plaintiffs are seeking the disclosure of expert opinion testimony in advance of the Court's scheduling order. It contends that its expert reports are not due until August 8, 2011. The Defendants contend that this interrogatory seeks information protected by both the attorney-client privilege and the work-product privilege. Further, it calls for the "Defendants to marshal all evidence when discovery and investigation [are] ongoing." (R. Doc. 113, p. 18.)

The Defendants acknowledge that Rule 33(c) of the Federal Rules of Civil Procedure permits contention interrogatories. However, the Defendants contend that this particular contention interrogatory is premature. Specifically, the Defendants contend that the interrogatory "clearly" requires the input of their experts. The Defendants contend that they should not be required to respond to this interrogatory until <u>after</u> the expert deadline. The Defendants contend that the Court should use its discretionary powers to ensure that the expert report deadline is not circumvented through this interrogatory.

Interrogatories seeking to clarify the contentions of parties are specifically permitted by the Federal Rules of Civil Procedure, which provides:

> An interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact, but the court may order that such an interrogatory need not be answered until designated discovery is complete or until a pretrial conference or some other time.

Fed.R.Civ.P. 33(a)(2).

The 1970 Committee Notes to Rule 33 explains: "As to requests for opinions or contentions that call for the application of law to fact, they can be most useful in narrowing and sharpening the issues, which is a major purpose of discovery." (Citation omitted). Likewise, more recent Committee Notes acknowledge that "[o]pinion and contention interrogatories are used routinely."

At the hearing, the Plaintiffs argued that the Defendants should respond to this contention interrogatory immediately so that the Defendants can obtain a "basic outline of what cased the fire." The Court noted, however, that it is the Plaintiffs' burden in this matter to prove that the Defendants' product caused the fire. Further, the Court noted that the interrogatory request seeks the <u>cause</u> of the fire. This is clearly opinion evidence within the province of the Defendants' cause and origin expert.

According to the Presiding Judge's Scheduling Order, "[w]ritten reports of experts, who may be witnesses for Defendants fully setting forth all matters about which they will testify and the basis therefor shall be obtained and delivered to counsel for Plaintiff as soon as possible, but in no event later than August 8, 2011." (R. Doc. 45, p. 2.)  As such the Presiding Judge has provided the Defendants until August 8, 2011, to provide their expert reports.  As such, the Court finds that this contention interrogatory, which seeks contentions within the province of the Defendants' experts, is premature.  As such, the motion to compel, insofar as it seeks to compel a response prior to the expert report deadline, is denied.

## IV.   Conclusion

Accordingly,

**IT IS ORDERED** that the Plaintiff's **Motion to Compel Discovery (R. Doc. 95)**, insofar as it seeks to compel a response to contention Interrogatory 20 prior to the Defendants' expert report deadline, is hereby **DENIED**.

New Orleans, Louisiana, this 25th day of July 2011

**KAREN WELLS ROBY**
**UNITED STATES. MAGISTRATE JUDGE**