UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ELIZABETH JOHNSON, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO:     10-1146** |
| **SAMSUNG ELECTRONICS AMERICA, INC., ET AL.** | **SECTION: "K" (4)** |

## ORDER

Before the Court is a **Defendant's Motion for Protective Order (R. Doc. 99) filed by the Defendants, General Electric Company, Samsung Electronics Co., Ltd., and Wal-Mart Stores Inc.,** seeking an Order quashing: (1) the Plaintiffs', Elizabeth Johnson, et al. (collectively, "the Plaintiffs"), Notice of Deposition to General Electric employees; (2) the Plaintiffs' Notices of Deposition to Wal-Mart's employees; and (3) the Plaintiffs' Notices of Deposition to Samsung Electronic Corporation's employees.  The Plaintiffs oppose the motion.  (R. Doc. 113). This motion was heard with oral argument on **Wednesday, July 13, 2011**.

### I.      Background

This diversity action arises out of a fire that erupted in a mobile home on May 21, 2009.  (R. Doc. 1, ¶ 5.)  Elizabeth Johnson, LaShaun Johnson and their minor children, Devonte Johnson, Ladarius Johnson, Devontre Johnson, and Dayasia Benion were sleeping.[1]  *Id.*  As a result of the fire, Devonte Johnson and Ladarius Johnson were fatally injured.  Devontre Johnson and Dayasia Benion

---

[1] Despite the similar spelling, Devonte Johnson and Devontre Johnson are two different individuals.

were severely burned.

The Plaintiffs allege that the fire was caused by an air-conditioning unit located in the mobile home. The Plaintiffs contend that the fire was not the result of any fault on behalf of the Plaintiffs; instead it was caused from defects in the air conditioning unit. (R. Doc. 1, ¶ 7.) Specifically, the Plaintiffs contend that the air conditioning unit was defective and in an unreasonably dangerous condition by reason of defective design and/or manufacture. (R. Doc. 1, ¶ 8.)

The Plaintiffs further allege that prior to the date of the fire, the Defendants had knowledge of the potential for the air conditioner to catch fire but failed to take reasonable and appropriate steps to remove the product from commerce and failed to provide a warning to consumers and/or failed to take the appropriate steps to recall the dangerous appliance. (R. Doc, 1, ¶ 11, ¶ 10, 11.)

As to the instant motion, the Plaintiffs have conducted Rule 30(b)(6) depositions of General Electric, Wal-Mart, and Samsung. During the course of the depositions, various employees of each Defendant were identified. Following the Rule 30(b)(6) depositions, the Plaintiffs noticed Rule 30(b)(1) depositions of the various employees identified during the corporate depositions. Specifically, the following individuals were noticed for deposition: M. Finch, John Todd, Brian Eilers, Patrick Galbreath[2], Scott Floore, Dennis Dicken, Tony Li, Jim Benz, Brad Kueshner, Jessica Schroeder[3], Chip Bale, Bill Dodd, Justin Smith, Joe Bidoff, Hong Seok Jun[4], Byung Han Lim, Heo

---

[2]The Court notes that the parties alternate the spelling of Patrick Galbreath's last name throughout the pleadings and either use Galbreath, Galbraith, or Galbraithe. For consistency purposes, the Court will utilize Galbreath to identify the witness in this Order.

[3]The Court notes that the Notice of Deposition lists this individual as "Mr. Schroeder." She was later identified in the pleadings as Jessica Schroeder.

[4]In the submissions of the parties, Hong Seok Jun was identified as "H.S." The Defendants later provided the Court, via e-mail correspondence, with H.S.'s full name, Hong Seok Jun.

Miseon[5], and Sang Nam An.

The Defendants contend that the Notices of Deposition should be quashed because they: (1) are unduly cumulative and duplicative; (2) the Plaintiffs had ample opportunity to obtain the same information from a more convenient and less burdensome source; (3) the burden of these depositions outweighs the benefit; (4) the Plaintiffs seek to infringe upon attorney-client communications and attorney-work product; and (5) the Plaintiffs did not consult with the Defendants' counsel to determine the availability of the proposed deponents before noticing the depositions. In addition, the Defendants contend that the deposition notices for Samsung employees should be quashed because the deponents are located in Korea, and therefore, the Plaintiffs were required to comply with the Hague Convention. The Defendants oppose the motion.

## II.   Standard of Review

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando,* 441 U.S. 153, 176 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Furthermore, "it is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. American Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

---

[5]In the submissions of the parties, this witnesses name is identified both as Heo Miseon and Miseon Heo. For consistency purposes, the Court will utilize Heo Miseon to identify the witness in this Order.

Under Rule 26(b)(2)(c), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the information sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. Fed.R.Civ.P. 26(b)(2)(c). In assessing whether the burden of the discovery and outweighs the benefit, a court must account for: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. *Id*.

### III.  Analysis

#### A.  Depositions of General Electric Employees

On April 13, 2011, the Plaintiffs conducted a Rule 30(b)(6) deposition of General Electric. Brice Bowley, the program director for the Model ASW06LKS1 was designated as the corporate representative and testified at the deposition. Following the deposition, on June 7, 2011, the Plaintiffs noticed the depositions of General Electric employees, M. Finch, John Todd, Brian Eilers, Patrick Galbreath, Scott Floore, Dennis Dicken, Tony Li, Jim Benz, Brad Kueshner, Jessica Schroeder, and Chip Bale.

##### 1.  Jessica Schroeder

The Defendants seek to quash the Notice of Deposition served on Jessica Schroeder.[6] In their opposition, the Plaintiffs indicated that they no longer wish to depose Schroeder at this time and therefore waive their request to depose her. (R. Doc. 125, p. 4.) Therefore, the motion to quash the Notice of Deposition for Jessica Schroeder is denied as moot.

---

[6]The parties did not disclose Jessica Schroeder's position within General Electric.

### 2. M. Finch

The Plaintiffs seek to depose M. Finch, the individual who designed a hot wire ignition test which is used on various General Electric air conditioning models. The hot wire ignition test purposely causes a fire within the air conditioning unit and tests whether or not this fire is maintained within the unit. The Plaintiffs contend that the hot wire ignition test was only performed on the control box of the air conditioning unit. Therefore, the Plaintiffs seek to depose Finch to determine why the test was not performed on other components of the air conditioning unit.

At the hearing, the Plaintiffs conceded that the hot wire ignition test is not a test which is performed pursuant to any legal requirement of General Electric. Instead, it is a test which is performed pursuant to corporate policy. The Plaintiffs were therefore asked by the Court to articulate how the information sought would add or take away from their case. The Plaintiffs were unable to articulate any potential impact this information would have on the above captioned matter. As such, the Court found that the deposition of Finch is irrelevant to the instant matter, and therefore quashes the notice of deposition, insofar as it seeks to depose M. Finch.

### 3. Brian Eileers

The Plaintiffs next seek to depose Brian Eileers, the Purchase Material Quality Engineer for General Electric. The Purchase Material Quality Engineer is responsible for tracking the products' performance in the field. The Plaintiffs contend that Eileers position required him to be knowledgeable on warranty claims and returns which occured at Wal-Mart regarding General Electric products.

At the hearing, the Plaintiffs indicated that they specifically seek to depose Eileers regarding the problems with the air conditioning unit related to overheating and any fire related hazards associated with the air conditioning unit. The Court found that Eileers testimony is relevant and

therefore declined the quash the notice of deposition, insofar as it seeks to depose Eileers. However, the Court ordered that the Plaintiffs' deposition of this fact witness be limited in scope to these two areas of inquiry.

### 4. Tony Li

The Plaintiffs also seek to depose Tony Li, who previously served as the General Electric's design manager in China. He was responsible for preparing the evaluation plan for room air conditioners. The Defendants contend that Li is no longer employed with General Electric. As such, it seeks to quash the Notice of Deposition as it relates to Li. In response, the Plaintiffs contend that the Defendants should provide Li's last known contact information.

Following the hearing, on July 19, 2011, counsel for the Defendants provided the Plaintiffs' last known contact information which was contained in General Electric's employment records. Because Li is no longer a General Electric employee, the Court grants the Defendants' motion, insofar as it seeks to quash the Notice of Deposition as it relates to Tony Li.

### 5. Patrick Galbreath

The Plaintiffs also seek to depose Patrick Galbreath, a General Electric Engineer who works on quality and safety issues related to the company's air conditioners. He also serves as the safety manager for General Electric. Bowley, the designated corporate representative, consulted with Galbreath in preparation for the Rule 30(b)(6) deposition and remains employed by General Electric.

At the hearing, the Court found Galbreath's testimony could be relevant to the above captioned matter. Because his work focuses on safety issues related to General Electric air conditioners, including the model at issue, the Court finds that the Plaintiffs may depose Galbreath. However, to the extent that the Plaintiffs seek to depose Galbreath on his conversations with Bowley relating to Bowley's preparation for the Rule 30(b)(6) deposition, the Court cautions that such inquiries may be

protected by the attorney-client or work product privilege.

### 6. Jim Benz, Scott Flore, Brad Kueshner, and John Todd

The Plaintiffs also seek to depose Jim Benz, Scott Flore, Brad Kueshner, and John Todd, General Electric sales associates who were involved in the sale of the air conditioning unit to Wal-Mart. They particularly seek to depose these individuals regarding any safety concerns Wal-Mart had relative to the product at issue. The Court found that the information sought by the Plaintiffs is duplicative and cumulative as to the information sought by the Plaintiffs from Brian Eileers, discussed in Section III., A, 3, *supra*. As such, the Court quashed the Notice of Deposition, insofar as it seeks to depose these individuals, as the depositions are duplicative and cumulative under Fed.R.Civ.P. 26(b)(2)(c).

### 7. Dennis Dicken

The Plaintiffs also seek to depose Dennis Dicken, the systems manager for the ASW06LKS1 air conditioner project. According to the Defendants, Dicken had the responsibility of creating new product specification, scoping new programs, reviewing product qualification plans, participating in safety reviews, and participating in program reviews. Dickens responsibilities overlapped with Bowley, the program manager.

The Defendants contend that during Bowley's deposition, he was questioned about a document entitled "Product Technical Specification" in which Dicken's name appeared. Bowley testified that Dicken participated in the drafting and revision of the document. The Defendants contend that because Bowley responded to all questions posed regarding the Product Technical Specification, the deposition of Dicken would be cumulative and duplicative. As such, the deposition notice should be quashed.

In reviewing the excerpts from the deposition transcript of Bowley, the Court notes that the corporate representative was asked to identify the Product Technical Specifications. (R. Doc. 125-2,

p. 10.) Bowley was further asked who the systems manager with respect to the AW06LKS1 model was, to which he identified Dicken. Bowley was then asked a specific question about the document, particularly he was asked, "It says there's a Ul 1439, 'UL Standard for Safety Tests for Sharpness of Edges on Equipment-Fourth Edition.'" What is that?" *Id.* Bowley responded that he was not familiar with the standard. *Id.*

Thus, Bowley's deposition demonstrates that he was unfamiliar with the contents of the subject document such that the information sought was not attainable from Bowley. As Dicken was directly involved with the air conditioning model at issue, particularly regarding safety reviews, the Court finds that his deposition is relevant. As such, the Defendants' motion, insofar as it seeks to quash the Notice of Deposition as it relates to Dicken, is denied.

### 8. **Chip Bale**

The Plaintiffs further seek to depose Chip Bale, a General Electric sales representative to Wal-Mart. Bale was not referenced in Bowley's deposition, and instead was identified during the course of Wal-Mart's Rule 30(b)(6) deposition by its corporate representative, Todd Hymas. The Plaintiffs contend that they should be permitted to depose Bale because Hymas identified him as the person with whom he has contact with regarding product liability.

In response, the Defendants provided an affidavit from Bowley in which he attests that Bale did not have any role with respect to sales of the ASW06LKS1 window air conditioner in 2007. (R. Doc. 99-7, p. 3.) Bowley further attests that Bale may have had involvement in tracking inventory and shipments to Wal-Mart in 2008. *Id.*

At the hearing, the Court reviewed Hymas's deposition transcript in which he was asked who at General Electric Hymas would contact if he had a question about product reliability. Hymas responded that Bale would be the individual that he contacted. (R. Doc. 125-3, p. 22.) However, the

8

Court noted that the questions posed to Hymas suggested that Bale is the person that he would currently contact relating product reliability and failed to suggest that Bale would be contacted in 2007 when the ASW06LKS1 was manufactured and sold. After the Court inquired, the Plaintiffs were unable to provide any support for the proposition that Bale would have any knowledge relating to the particular air conditioning model at issue. As such, the Court found that Bale's deposition would be irrelevant, and quashed the Notice of Deposition as it relates to Bale.

### B. Depositions of Wal-Mart Employees

On June 9, 2011, the Plaintiffs conducted a Rule 30(b)(6) deposition of Wal-Mart. Todd Hymas, the Category Director for Seasonal Hardware at Wal-Mart was designated as the corporate representative. Following the deposition, on June 7, 2011, the Plaintiffs noticed the depositions of Wal-Mart employees, Bill Dodd, Justin Smith, and Joe Bidoff.

#### 1. Justin Smith

The Defendants seek to quash the Notice of Deposition served on Justin Smith. In their opposition, the Plaintiffs indicated that they no longer wish to depose Smith at this time and therefore waive their request to depose her. (R. Doc. 125, p. 4.) Therefore, the motion to quash the Notice of Deposition for Justin Smith is denied as moot.

#### 2. Bill Dodd

The Plaintiffs also seek to depose Bill Dodd, the Senior Category Director for Seasonal Hardware and Hymas' supervisor. The Plaintiffs contend that because Dodd is Hymas' supervisor, he would have superior knowledge to Hymas and therefore he should be deposed.

The Defendants contend that Dodd began his employment with Wal-Mart beginning in 2010. Therefore, he did not serve as the Senior Category Director for Seasonal Hardware at the time that the time that the ASW06LKS1 was manufactured and sold. The Court found that because Dodd was not

9

employed with Wal-Mart at any time in which the air conditioner model at issue was sold, his deposition was irrelevant. As such, the Court quashed the Notice of Deposition insofar as it seeks to depose Dodd.

### 3. Joseph Bidoff

The Plaintiffs also seek to depose Joseph Bidoff, a Senior Vice President. Wal-Mart's category directors, including Hymas, report to Bidoff. The Plaintiffs contend that Bidoff is in a position to have knowledge of historical information regarding the product at issue which was not obtainable from Hymas. The Plaintiffs contend that Bidoff can provide information about products, supplier information, testing of the products, and more. As such, they should be entitled to depose him.

The Defendants, on the other hand, contend that the deposition notice of Bidoff should be quashed. They contend that as an executive of Wal-Mart, his deposition would be harassing. The Defendants further contend that Bidoff had no involvement with or knowledge of the ASW06LKS1 because from 2006-2007, he was only employed by Wal-Mart as a merchandising manager for fabrics and craft products. In 2008, he worked for Wal-Mart as a District Merchandise Manager and was responsible for supervising a selected region of retail store managers.[7] He was not promoted to Vice-President of hardware department merchandise until February, 2010.

Here, the Plaintiffs contend that because Hymas reports to Bidoff, he would have superior knowledge on the ASW06LKS1 air conditioning unit. However, Hymas did not begin reporting to Bidoff until February 2010, well after the air conditioning unit at issue was manufactured and sold. As such, the Court finds that the deposition of Bidoff is irrelevant, and therefore quashes the notice of deposition insofar as it seeks to depose him.

---

[7]The Court notes that the Defendants did not disclose the region that Bidoff supervised.

### C. Depositions of Samsung Employees

On May 12, 2011, the Plaintiffs conducted a Rule 30(b)(6) deposition of Samsung. Jeong Hwan On, Samsung's Director of Products Safety, was designated as the corporate representative. Following the deposition, on June 9, 2011, the Plaintiffs noticed the depositions of Samsung employees, Hong Seok Jun, Byung Han Lim, Heo Miseon, and Sang Nam An. They further seek to depose unidentified employees at the Samsung factory in China who conducted the hot wire ignition test. The Defendants first contend that the deposition notices should be quashed because they are duplicative and cumulative. The Defendants further contend that, should these depositions be permitted, the provisions of the Hague Convention should first be complied with by the Plaintiffs before these individuals are deposed.

#### 1. Depositions

Before the Court addresses whether the Plaintiffs must comply with the Hague Convention, it will first address whether the Plaintiffs are entitled to take the depositions of the requested individuals.

##### a. Samsung Employees Who Conducted the Hot Wire Ignition Test

The Defendants seek to quash the Notice of Deposition insofar as it seeks to depose unidentified Samsung employees who conducted the hot wire ignition test at the Samsung factory in China. At the hearing, the Plaintiffs represented that they are withdrawing their request to depose these unnamed employees. Therefore, the motion to quash the Notice of Deposition of unidentified Samsung employees who conducted the hot wire ignition test in the Samsung factory located in China is denied as moot.

##### b. Hong Seok Jun

The Plaintiffs first seek to depose Hong Seok Jun, a Samsung employee who maintained an

11

office is Louisville, Kentucky. According to the Defendants, Jun communicated with Bowley, General Electric's corporate representative, concerning the ASW06LKS1 including issues such as qualifications of the product, improvements or changes to the product during development, quality plans, and the appearance of the product. Jun remains employed by Samsung but is currently stationed in Korea.

The Defendants contend that the Plaintiffs should not be entitled to depose Jun because its corporate representative, On, could have similarly been deposed regarding Bowley's communications with him. However, the Plaintiffs failed to explore the substance of the communications between Bowley and Jun when they deposed On, and therefore should not be entitled to depose Jun.

The Plaintiffs, on the other hand, contend that Jun has unique knowledge as to the relationship between General Electric and Samsung including detailed knowledge of the product which allegedly caused the fire at issue in the above captioned matter. The Plaintiffs contend that Jun consulted with On prior to the Rule 30(b)(6) deposition. The Plaintiffs further contend that Jun would be able to respond to questions that On was unable to respond to satisfactorily.

The Court first notes that the Plaintiffs do not point to any questions posed to On relating to information that Jun would have that On failed to provide a satisfactory response. Furthermore, the Court independently reviewed the portions of On's testimony provided by the Plaintiffs and finds no record of a question posed to On in which the Plaintiffs indicated that his response was inadequate. Thus, to the extent that the Plaintiffs seek to depose Jun because he has superior knowledge on matters to which On was unable to testify, this argument is without merit.

Further, under the Federal Rules, the Court may limit discovery if the discovery sought is obtainable from another, more convenient, less burdensome, or less expensive source or if the party seeking discovery has had ample opportunity to obtain the information sought. Fed.R.Civ.P.

26(b)(2)(c). Here, the Plaintiffs had the opportunity to explore this issue with On, yet failed to take the opportunity. As such, the Court finds that the Plaintiffs are not entitled to depose Jun.

### c. Byung Han Lim and Sang Nam An

The Plaintiffs seek to depose Byung Han Lim and Sang Nam An, two individuals who work in Research and Development for Samsung. Lim and An, who live in Korea, were both sent to China where the ASW06LKS1 was developed under their supervision. The Plaintiffs contend that because the development of the air conditioner involved more than one person there will be some overlap between Lim and An's testimony. Nevertheless, the Plaintiffs seek to depose each individual in regards to their specific areas of responsibility in order to avoid duplication. The Plaintiffs further contend that they have reviewed On's deposition, and it does not disclose the division of responsibility between these two individuals.

The Defendants contend that the Plaintiffs have failed to demonstrate that any information from Lim and An is actually necessary or how it is not cumulative of the testimony provided by Samsung's corporate representative. They further contend that the Plaintiffs have failed to allege or demonstrate that On failed to provide sufficient evidence as to the development of the air conditioner by Lim and An, such that the Defendants need to depose Lim and An to obtain the relevant information. The Defendants further contend that On's deposition does not disclose the division of responsibility between Lim and An because the Plaintiffs neglected to inquire as to their responsibilities. As such, the notice of deposition should be quashed.

In reviewing the deposition transcript provided by the Plaintiffs, the Court notes that On was not questioned as to Lim and An's job responsibilities or the division of responsibility between the two parties. Further, the Plaintiffs have failed to provide the Court with any indication that Lim and An's testimony regarding the development of the air conditioner would differ in any way from that of On

such that the testimony would not be cumulative or duplicative. Seemingly, the Plaintiffs seek to depose these two individuals based solely on their positions with the company. The Court finds that the Plaintiffs have failed to demonstrate that the substance of Lim and An's potential testimony could not have been obtained from a less burdensome source, namely On. Particularly given their location in Korea, the Court finds that absent a showing that Lim and An's testimony would not be cumulative or otherwise is not obtainable from a less burdensome source, the notice of deposition, insofar as it seeks to depose Lim and An should be quashed.

### d. **Heo Miseon**

The Plaintiffs further seek to depose Heo Miseon, and individual whom they contend had primary authority to evaluate the safety of the ASW06LKS1. The Plaintiffs contend that Heo Miseon worked in Samsung's research and development department in Korea and had the responsibility of evaluating the safety of the subject air-conditioner before it was sold in the United States. Therefore, her testimony is relevant to the above captioned matter.

The Defendants, on the other hand, contend that the testimony of Miseon is duplicative. The Defendants contend that the Plaintiffs have already questioned On relating to the safety features of the air conditioner subject to the litigation and the safety related procedures at Samsung.

At the hearing, the Court requested that the Plaintiffs provide the Court via e-mail correspondence regarding why Miseon is a necessary witness.[8] The Plaintiffs simply indicate that Miseon had primary authority to evaluate the safety of the subject air-conditioner and therefore she is a key witness. The Plaintiffs make no argument that this information regarding the evaluation of the safety of the subject air-conditioner could not have been obtained from a less burdensome source,

---

[8]Opposing counsel was copied on the subject e-mail.

namely On's testimony, or that On's testimony in this respect was inadequate. The Plaintiffs do not point to any portion of the transcript which demonstrates that On's testimony was inadequate nor do they make any arguments that Miseon's testimony would substantially differ from that of On.

Furthermore, On is Samsung's Director of Products Safety whereas Miseon was responsible for safety only as it related to the ASW06LKS1. As such, Miseon worked under On and presumably reported to him. Therefore, to the extent that the Plaintiff seeks testimony related to the safety of the subject air conditioner, such information was available from a less burdensome source, namely through On's testimony.

Because the Plaintiffs have not demonstrated that the information requested cannot be obtained from a less burdensome source, the Court grants the Defendants' motion to quash insofar as it seeks to quash Miseon's deposition.

### 2. Hague Convention

Because the Court finds that the Plaintiffs have not demonstrated that the depositions of Samsung's employees, who live in Korea, are not cumulative or could not have been obtained from less burdensome sources, the Court need address whether the Plaintiffs must comply with the Hague Convention to obtain their depositions.

### IV. Conclusion

Accordingly,

**IT IS ORDERED** that the **Defendant's Motion for Protective Order (R. Doc. 99)** is hereby **GRANTED IN PART** and **DENIED IN PART:**

- The motion, insofar as it seeks to quash the Notices of Deposition as it pertains to Jessica Schroeder, Justin Smith, and unidentified Samsung employees who conducted the hot wire ignition test in Samsung's China facility is hereby **DENIED AS MOOT**.

- The motion, insofar as it seeks to quash the Notices of Deposition of M. Finch, Tony

15

        Li, Jim Benz, Scott Flore, Brad Kueshner, John Todd, Chip Bale, Bill Dodd, Joseph Bidoff, Hong Seok Jun, Byung Han Lim, Sang Nam An, and Heo Miseon is hereby **GRANTED**.

- The motion, insofar as it seeks to quash the Notice of Deposition of Brian Eileers is hereby **DENIED**. However, the Plaintiffs are hereby **ORDERED** to limit the scope of inquiry as to this witness to in regards to: (1) problems with the air conditioning unit relating to overheating; and (2) any fire related hazards associated with the air conditioning unit.

- The motion, insofar as it seeks to quash the Notices of Deposition of Patrick Galbreath and Dennis Dicken is hereby **DENIED**.

        New Orleans, Louisiana, this 26th day of August 2011

        **KAREN WELLS ROBY**
        **UNITED STATES MAGISTRATE JUDGE**